Matter of Dazzo (2020 NY Slip Op 01158)





Matter of Dazzo


2020 NY Slip Op 01158


Decided on February 19, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2019-06902

[*1]In the Matter of George E. Dazzo, admitted as George Edward Dazzo, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; George E. Dazzo, respondent. (Attorney Registration No. 2829927)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 20, 1997, under the name of George Edward Dazzo.



Catherine A. Sheridan, Hauppauge, NY (Robert H. Cabble of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 15, 2019, the Grievance Committee for the Tenth Judicial District served the respondent's counsel with a notice of petition dated April 23, 2019, and a verified petition dated April 16, 2019, and duly filed those papers with this Court together with an affidavit of service. On May 16, 2019, the respondent confirmed his receipt of the notice of petition and the verified petition with an investigator for the Grievance Committee. The petition contains 20 charges alleging, among other things, that the respondent misappropriated down payment funds entrusted to him as a referee in a foreclosure action; failed to render appropriate accounts and to promptly remit funds to clients as requested; failed to act with reasonable diligence and promptness, and neglected multiple clients' legal matters; failed to refund unearned legal fees; and failed to cooperate with the Grievance Committee in the investigation of 12 complaints of professional misconduct.
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served, by mail, upon the respondent's counsel on July 19, 2019. To date, the respondent has failed to submit papers in response to the motion.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated April 16, 2019, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated April 16, 2019, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, George E. Dazzo, admitted as George Edward Dazzo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, George E. Dazzo, admitted as George Edward Dazzo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, George E. Dazzo, admitted as George Edward Dazzo, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, George E. Dazzo, admitted as George Edward Dazzo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court